UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDINE DARDEN, | 1:12-cv-01001-GSA-PC |
| Plaintiff, | ORDER GRANTING MOTION FOR RECONSIDERATION, AND REOPENING CASE |
| vs. | (Doc. 9.) |
| TODD SPENCER, et al., | ORDER FOR CLERK TO REOPEN CASE |
| Defendants. | |

**I.   BACKGROUND**

Geraldine Darden ("Plaintiff"), a prisoner proceeding pro se, filed this civil rights action on June 21, 2012. (Doc. 1.) This case was dismissed by the undersigned on August 27, 2012 for failure to prosecute, based on Plaintiff's failure to keep the court apprised of her current address. (Doc. 7.)

On September 5, 2012 and October 18, 2012, Plaintiff filed motions for reconsideration of the Court's order dismissing the case. (Doc. 9.)

**II.   MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks

1

1  and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff
2  to show "what new or different facts or circumstances are claimed to exist which did not exist or
3  were not shown upon such prior motion, or what other grounds exist for the motion."

4        "A motion for reconsideration should not be granted, absent highly unusual circumstances,
5  unless the district court is presented with newly discovered evidence, committed clear error, or if
6  there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma
7  GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted,
8  and "[a] party seeking reconsideration must show more than a disagreement with the Court's
9  decision, and recapitulation . . . " of that which was already considered by the Court in rendering its
10 decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

11       Plaintiff requests that the Court reopen her case, stating that she has been housed at the
12 Central California Women's Facility (CCWF) since October 29, 1999, and she did not fail to inform
13 the court of a change of address, "because a change of address has not occurred." (Motion, Doc. 9
14 at 1.)  Plaintiff asserts that she has been waiting patiently in her cell for any court documents and
15 seeks to adhere to the court's rules. Id.  Plaintiff maintains that CCWF is at fault if the court's mail
16 was not delivered to her.

17 **II.    DISCUSSION**

18       A review of the record in this case shows that Plaintiff's return address, on all of the
19 documents submitted to the court between June 21, 2012 and the present date, has always been
20 CCMF, P.O. Box 1501, Chowchilla, CA 93610.  The court's docket shows that the court has served
21 Plaintiff at the same CCMF address in this action since Plaintiff filed the original complaint on June
22 21, 2012.  (Court Docket.)  On June 27, 2012, the postal service returned two of the court's orders
23 mailed to Plaintiff at CCMF as undeliverable, with a notation on the envelope stating that Plaintiff
24 was not located at that facility.  Id.  None of the court's other orders served on Plaintiff in this action
25 have been returned in the mail.  Id.

26       It appears to the court, based on the court's record and Plaintiff's assertions, that the
27 court's mail was not delivered to Plaintiff due to circumstances beyond her control, resulting in the
28 dismissal of her case.  Plaintiff has shown highly unusual circumstances out of her control, causing

her injury. Therefore, the court finds good cause to reconsider its order dismissing this action and finds that the case should be reopened.

**III.     CONCLUSION**

    Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for reconsideration of the court's order dismissing this action, filed on September 5, 2012 and October 18, 2012, are GRANTED, and this case shall be reopened; and
2. The Clerk is DIRECTED to reopen this case.

IT IS SO ORDERED.

**Dated:**   **October 26, 2012**                    **/s/ Gary S. Austin**
                                                                                  UNITED STATES MAGISTRATE JUDGE