1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                        EASTERN DISTRICT OF CALIFORNIA
10

| | | |
|---|---|---|
| 11 | GERALDINE DARDEN, ) | 1:12-cv-01001-GSA-PC |
| 12 | ) Plaintiff, ) | ORDER INFORMING PLAINTIFF SHE HAS LEAVE TO AMEND THE |
| 13 | ) v. ) | COMPLAINT ONCE AS A MATTER OF COURSE |
| 14 | ) TODD SPENCER, et al., ) | (Doc. 13 resolved) |
| 15 | ) ) | THIRTY DAY DEADLINE TO FILE |
| 16 | Defendants. ) ) | FIRST AMENDED COMPLAINT |
| 17 | ) ) | ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF |
| 18 | ) | |

19        Geraldine Darden ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this
20 civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 21, 2012. Now
21 pending is Plaintiff's motion to amend the complaint, filed on December 12, 2012. (Doc. 13.)
22        Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's
23 pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a
24 party may amend only by leave of the court or by written consent of the adverse party, and leave shall
25 be freely given when justice so requires. Fed. R. Civ. P. 15(a). Because Plaintiff has not amended the
26 complaint, and no responsive pleading has been served in this action, Plaintiff has leave to file an
27 amended complaint as a matter of course.
28
                                                1

Plaintiff is informed she must demonstrate in her amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff should note that although she has the opportunity to amend, it is not for the purpose of adding new defendants relating to issues arising after June 21, 2012. In addition, Plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on June 21, 2012.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The First Amended Complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's is informed that she has leave to amend the complaint once as a matter of course;
2. This order resolves Plaintiff's motion to amend the complaint, filed on December 7, 2012;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a First Amended Complaint using the court's form;

///

///

4. The First Amended Complaint should be clearly and boldly titled "FIRST AMENDED COMPLAINT," refer to case number 1:12-cv-01001-GSA-PC, and be an original signed under penalty of perjury;

5. The Clerk of the Court shall send one civil rights complaint form to Plaintiff; and

6. Plaintiff is warned that the failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   December 13, 2012            /s/ Gary S. Austin
                                   UNITED STATES MAGISTRATE JUDGE

3