# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDINE DARDEN,<br><br>       Plaintiff,<br><br>vs.<br><br>S. DRISCOLL, M.D., et al.,<br><br>       Defendants. | 1:12-cv-01001-LJO-EPG-PC<br><br>ORDER GRANTING MOTION TO MODIFY SCHEDULING ORDER (ECF No. 40.)<br><br>ORDER EXTENDING DEADLINE TO FILE EXHAUSTION MOTIONS<br><br>**New Exhaustion Motion Filing Deadline:**<br><br>**March 24, 2016** |

## I. BACKGROUND

Plaintiff is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's First Amended Complaint filed on February 11, 2013, against defendant Scott Driscoll, M.D. ("Defendant") for inadequate medical care in violation of the Eighth Amendment. (ECF No. 19.)

On September 24, 2015, the Court issued a Scheduling Order establishing pretrial deadlines for the parties, including a deadline of December 24, 2015 for filing exhaustion motions. (ECF No. 33.) On December 21, 2015, Defendant filed a motion to modify the Scheduling Order. (ECF No. 40.) On December 31, 2015, Plaintiff filed an opposition to the motion. (ECF No. 43.) On January 7, 2016, Defendant filed a reply. (ECF No. 44.)

## II. MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order.  Id.  The Court may also consider the prejudice to the party opposing the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Defendant requests a sixty-day extension of the deadline for filing exhaustion motions. Defense counsel ("Counsel") asserts that promptly after filing Defendant's Answer on September 18, 2015, she requested a subpoena service to subpoena all of Plaintiff's prison records from the Central California Women's Facility (CCWF) where Plaintiff has been incarcerated since 1999. (Jaffee Decl., ECF No. 40 at 7 ¶3.) Counsel received 2152 pages of records on October 26, 2015, which included only medical records. (Id. ¶ at 8 ¶4.) Counsel asked the subpoena service to contact CCWF and make another request.  (Id. ¶5.)  On November 17, 2015, Counsel received an additional 3028 pages of records from CCWF, including appeals submitted by Plaintiff within the prison.  (Id. ¶6.)  After reviewing the documents, Counsel made a request for further information and discovered from a conversation with the Litigation Coordinator that more records of Plaintiff's appeals existed, some of the records were incomplete, and Counsel would need to make another request.  (Id. ¶¶7-9.) Counsel has requested that the subpoena service follow up again with CCWF so that Counsel can obtain the complete health care appeals file. (Id. ¶10.) Counsel has also made a discovery request to Plaintiff for records of her health care appeals, but as of December 21, 2015, had not received a response.  (Id. ¶11.)

In opposition, Plaintiff argues that it "would be a hardship [for her] to be subjected to file a reply that has previously be [*sic*] ruled with this same court three times prior to this

action, [and it] will be a waste of time for all parties involved to dispute an issue that has already been decided." (ECF No. 43.) Plaintiff asserts that CCWF improperly screened her appeals and made it clear that she could not use their appeal process to complain about an outside doctor.

The Court finds good cause to extend the deadline to file exhaustion motions. Defendant has provided evidence that defense counsel was diligent in attempting to obtain information needed to meet the Court's December 24, 2015 deadline but was unable to file an exhaustion motion before the deadline expired. Plaintiff's arguments are unpersuasive. Therefore, Defendant's motion to modify the Scheduling Order shall be granted.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to modify the Court's Scheduling Order, filed on December 21, 2015, is GRANTED;
2. The deadline for filing exhaustion motions is extended from December 24, 2015 to **March 24, 2016**; and
3. All other provisions of the Court's September 24, 2015 Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:  **February 24, 2016**                /s/ _Erica P. Grosjean_
                                                                    UNITED STATES MAGISTRATE JUDGE

3