UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDINE DARDEN, | 1:12-cv-01001-LJO-EPG-PC |
| Plaintiff, | ORDER FOLLOWING TELEPHONIC HEARING HELD ON APRIL 25, 2016 |
| vs. | ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL (ECF No. 47.) |
| TODD SPENCER, et al., | |
| Defendants. | ORDER FOR DEFENDANT TO SERVE RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS ON OR BEFORE MAY 24, 2016, AS INSTRUCTED BY THIS ORDER |
| | ORDER DENYING PLAINTIFF'S MOTION TO EXTEND THE DEADLINE TO AMEND PLEADINGS, WITHOUT PREJUDICE TO RENEWAL OF THE MOTION WITHIN THIRTY DAYS, AS INSTRUCTED BY THIS ORDER (ECF No. 49.) |
| | ORDER FOR PLAINTIFF TO SIGN AND RETURN CONSENT/DECLINE FORM WITHIN FOURTEEN DAYS |

I.      BACKGROUND

Geraldine Darden ("Plaintiff"), a state prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 21, 2012.  (ECF No. 1.)  The case now proceeds

on the First Amended Complaint filed on February 11, 2013, against defendant Dr. Scott H. Driscoll ("Defendant"), for inadequate medical care in violation of the Eighth Amendment. (ECF No. 19.)[1]

On October 27, 2015, Defendant consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c).  (ECF No. 39.)  Plaintiff has not consented to or declined Magistrate Judge jurisdiction.

This case is in the discovery phase, with a deadline of May 24, 2016 for the parties to complete discovery, including the filing of motions to compel.  (ECF No. 33.)

On March 4, 2016, Plaintiff filed a motion to compel responses to interrogatories.  (ECF No. 47.)  On March 24, 2016, Defendant filed an opposition to the motion.  (ECF No. 48.)  On April 14, 2016, Plaintiff filed a reply to the opposition.  (ECF No. 56.)

On March 24, 2016, Plaintiff filed a motion to extend the deadline to amend pleadings. (ECF No. 49.)  On April 7, 2016, Defendant filed an opposition.  (ECF No. 55.)  On April 20, 2016, Plaintiff filed a reply to the opposition.  (ECF No. 59.)

On March 24, 2016, Defendant filed a motion for summary judgment based on Plaintiff's failure to exhaust remedies before filing suit.  (ECF No. 50.)  On April 18, 2016, the Court granted Plaintiff a thirty-day extension of time to file an opposition.  (ECF No. 57.)

## II.    APRIL 25, 2016 TELEPHONIC HEARING

On April 25, 2016 at 11:00 a.m., a telephonic hearing was held before Magistrate Judge Erica P. Grosjean to informally discuss the status of this case, Plaintiff's motion for extension of the deadline to amend pleadings, and discovery including Plaintiff's Motion to Compel filed on March 4, 2016.  Plaintiff appeared telephonically on her own behalf, and Nicole M. Jaffee of Donnelly, Nelson, Depolo & Murray appeared telephonically on behalf of Defendant.

### A.    Magistrate Judge Jurisdiction

The Court discussed the parties' option to consent to Magistrate Judge jurisdiction in this case pursuant to 28 U.S.C. §636(c).  Defendant has consented, but Plaintiff has not

---

[1] On June 18, 2015, the Court issued an order dismissing all other claims and defendants from this action based on Plaintiff's failure to state a claim.  (ECF No. 30.)

consented or declined.  The Clerk shall send Plaintiff the Court's form for consent/decline of

Magistrate Judge jurisdiction, and Plaintiff shall sign and return the form within fourteen days.

### B.   Plaintiff's Motion to Compel

The Court heard Plaintiff's motion to compel filed on March 4, 2016.  (ECF No. 47.)

Plaintiff requests further responses to Interrogatories nos. 2, 4, 5, 6, 8, 9, and 10.

### INTERROGATORY NO. 2

Explain each incident where you have either provided a "false negative"
or an incorrect diagnosis.

### RESPONSE TO INTERROGATORY NO. 2

Defendant objects to this interrogatory on the grounds that it is
overbroad, vague and ambiguous as to the term "incident."  It is also
argumentative.  It further seeks information protected by the attorney-
client privilege and/or work-product doctrine and expert opinion. It also
seeks information that is not reasonably calculated to lead to the
discovery of relevant or admissible information.

### Ruling

Plaintiff's motion to compel is granted in part.  Defendant must respond to this

interrogatory as narrowed by the Court to include only incidents of public filings of a complaint

or otherwise, including lawsuits, alleging there was a false negative, incorrect diagnoses, or

other malpractice by Defendant.

///

### INTERROGATORY NO. 4

How many times did you supposedly use the CAD on any patient at
Central California Women's Facility before and after Incident.

### RESPONSE TO INTERROGATORY NO. 4

Defendant objects to this interrogatory on the grounds that it is
overbroad, vague and ambiguous generally and specifically regarding the
term "Incident." It is also argumentative.  It further seeks information

3

protected by the attorney-client privilege and/or work-product doctrine. It also seeks information that is not reasonably calculated to lead to the discovery of relevant or admissible information.  Further, it requests confidential information regarding individuals not named as parties to the action, which, if disclosed, may constitute an unwarranted invasion of privacy.

**Ruling**

Plaintiff's motion to compel is granted in part.  Defendant shall respond to this interrogatory in a declaration under oath, to his best recollection, how many times he used a CAD on any patient at CCWF before and after the incident.  Defendant must do a reasonable search and answer according to his best memory.  If no records are available, Defendant's declaration giving his best estimate is sufficient.

///

**INTERROGATORY NO. 5**

Do you treat the patients in prison with the same care as those in society. Explain.

**RESPONSE TO INTERROGATORY NO. 5**

Defendant objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous.  It is also argumentative.  It further seeks information protected by the attorney-client privilege and/or work-product doctrine and expert opinion.  It also seeks information that is not reasonably calculated to lead to the discovery of relevant or admissible information.  Further, it requests confidential information regarding individuals not named as parties to the action, which, if disclosed, may constitute an unwarranted invasion of privacy.

**Ruling**

Plaintiff's motion to compel is granted in part.  Defendant shall respond to this interrogatory by stating his understanding of his duty of care to patients at CCWF and to

patients in the general public.  Defendant shall also respond whether he treats his patients at CCWF the same as his patients in the general public.

///

**INTERROGATORY NO. 6**

What is the course of action required in order to meet the standards of adequate medical care for a patient with a history of breast [cancer] that shows a macrocalcification in her breast.

**RESPONSE TO INTERROGATORY NO. 6**

Defendant objects to this interrogatory on the grounds that it is overbroad, vague, ambiguous and nonsensical.  It is also argumentative. It further seeks information protected by the attorney-client privilege and/or work-product doctrine and expert opinion.  It also seeks information that is not reasonably calculated to lead to the discovery of relevant or admissible information.  Further, it requests confidential information regarding individuals not named as parties to the action, which, if disclosed, may constitute an unwarranted invasion of privacy.

**Ruling**

Plaintiff's motion to compel is granted, with a modification to the interrogatory. Defendant shall respond to the question, "What, if anything, do you contend was the standard procedure to follow in 2009 for treating a patient with a diagnosis of microcalcification in a breast, and did you follow the standard procedure?"

///

**INTERROGATORY NO. 8**

Identify each misdemeanor of which you have been convicted.

**RESPONSE TO INTERROGATORY NO. 8**

Defendant objects to this interrogatory on the ground that it seeks information that is not reasonably calculated to lead to the discovery of relevant or admissible information.

**Ruling**

Plaintiff's motion to compel is granted in part.  Under Rule 404 of the Federal Rules of Evidence, evidence of Defendant's convictions of misdemeanors, if any, may not be used to show Defendant's character.  However, such evidence may be admissible for other purposes, including the impeachment of testimony.

In opposition to Plaintiff's motion to compel, Defendant cites the Ninth Circuit's decision in U.S. v. Colbert, 116 F.3d 395 (9th Cir. 1997) that a witness's prior misdemeanor conviction for lewd conduct was inadmissible for impeachment purposes under the Federal Rules of Evidence governing impeachment by prior conviction, to wit:

> "Federal Rules of Evidence 608 and 609 limit a defendant's ability to impeach an adverse witness with his prior criminal record during cross-examination. Rule 609(a) allows a witness to be impeached with a prior conviction if (1) 'the crime was punishable by death or imprisonment in excess of one year under the law under which he was convicted,' or if (2) the crime 'involved dishonesty or a false statement, regardless of the punishment.' Rule 608(b) prohibits the introduction of specific acts of conduct for the purpose of impeaching a witness's credibility unless the district court finds such acts to be 'probative of truthfulness or untruthfulness.'"

Colbert, 116 F.3d at 395.  The Court found the witness's misdemeanor conviction inadmissible under Rule 609(a)(1) because the witness was only subject to a maximum imprisonment term of six months as a result of the misdemeanor conviction, and under Rule 609(a)(2) because the conviction did not involve dishonesty or false statement. The Court adopted the Fifth Circuit's holding that "a conviction for prostitution does not involve dishonesty or false statement and is not admissible under 609(a)(2) for impeachment purposes."   Id.   (citing United States v. Walker, 613 F.2d 1349, 1354 (5th Cir. 1980)).

Here, Plaintiff's facts are distinguishable from those in Colbert.  As in Colbert, Plaintiff requests evidence of misdemeanor convictions, which are not admissible under Rule 609(a)(1) if the imprisonment term is less than one year.  However, unlike the witness in Colbert, whose misdemeanor conviction for prostitution did not involve dishonesty or false statement, Defendant's misdemeanors, if any, may involve dishonesty or a false statement, and would be admissible under Rule 609(a)(2).  Therefore, the decision in Colbert that the witness's

misdemeanor was not admissible under Rule 609(a)(2) is not applicable to all misdemeanors, but only to those that do not involve dishonesty or a false statement.  Therefore, Defendant shall be required to respond to this interrogatory by identifying any misdemeanor for which he was convicted of a crime involving dishonesty or a false statement.

Plaintiff is cautioned that under Rule 404(b)(1), he may not use evidence of a misdemeanor to prove Defendant's character "in order to show that on a particular occasion [Defendant] acted in accordance with the character."  However, as discussed above, this evidence may be admissible for impeachment of Defendant's character for truthfulness under Rule 609(a)(2), which permits a witness's character for truthfulness to be attacked with evidence of "any crime regardless of the punishment, [and] the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement."

**INTERROGATORY NO. 9**

Are you privy to the growing rate of an aggressive ductal breast cancer. Please describe.

**RESPONSE TO INTERROGATORY NO. 9**

Defendant objects to this interrogatory on the grounds that it is overbroad, vague and ambiguous generally and specifically regarding the term "privy."  It is also argumentative. It further seeks information protected by the attorney-client privilege and/or work-product doctrine and expert opinion.  It also seeks information that is not reasonably calculated to lead to the discovery of relevant or admissible information.

**Ruling**

Plaintiff's motion to compel is granted with modification to the interrogatory. Defendant is required to respond to the question, "In 2009, were you aware of research indicating a growing rate of an aggressive ductile breast cancer?"

///

///

**INTERROGATORY NO. 10**

Do you allege that you made a non-prejudicial decision in not ordering further tests on plaintiff's left breast macrocalcification on July 02, 2009.

**RESPONSE TO INTERROGATORY NO. 10**

Defendant objects to this interrogatory on the grounds that it is overbroad, vague, ambiguous and nonsensical.  It is also argumentative. It further seeks information protected by the attorney-client privilege and/or work-product doctrine and expert opinion.   It also seeks information that is not reasonably calculated to lead to the discovery of relevant or admissible information.

**Ruling**

Plaintiff's motion to compel is granted with modification to the interrogatory.  On or before August 4, 2016, Defendant is required to provide a response to the question, "In hindsight, do you contend that you made any errors, intentional or unintentional, by not ordering further tests on Plaintiff's left breast microcalcification on July 2, 2009?"

C.     **Other Discovery Issues**

1.     **Plaintiff's Motion for Production of Documents**

At the hearing, Plaintiff stated that she filed a motion for production of documents and did not receive a response from Defendant.  Defense counsel denied receiving such motion, and the Court found no record of such motion on the Court's docket.  Plaintiff described the documents she had requested in the motion, which the Court narrowed to three categories: (1) documents related to Plaintiff's medical treatment, (2) documents related to the Victim's Compensation Claims Board, and (3) documents related to CAD procedures for microcalcification of a breast.

Defense counsel stated that she had subpoenaed Plaintiff's prison records and received sixteen volumes of documents containing thousands of pages, most which are not relevant to this case.  The Court proposed that Defendant either (1) provide Plaintiff with the documents received by Defendant that are related to Plaintiff and her treatment for breast cancer, (2) take

the sixteen volumes of documents to Plaintiff and allow her at least two hours to review the documents, or (3) make copies of the sixteen volumes of documents and provide the copies to Plaintiff.  At the hearing, the parties agreed that Defendant will either (1) provide all of the sixteen volumes of documents to Plaintiff for her review, or (2) provide only the documents concerning Plaintiff and her breast, with a statement explaining which of the documents from the sixteen volumes were removed by Defendant and not provided to Plaintiff.

Plaintiff also seeks medical records from Spencer Radiology in Madera, California, and R2Technologies.  The Court allowed Plaintiff time to subpoena records from these third parties.   Plaintiff must file a motion with the Court on or before May 24, 2016, for issuance of a subpoena, and serve a copy of the motion on the third party.

Defense counsel stated that she subpoenaed records from California's Victims Compensation and Government Claims Board regarding Plaintiff's claim, and received letters advising her that the claim was rejected.  The Court ordered defense counsel to provide copies of the Claims Board documents that she has to Plaintiff.  Plaintiff was advised that in order to request documents from the Claims Board, which is a third party, she must file a motion with the Court for issuance of a subpoena.

With respect to Plaintiff's request for documents concerning CAD (computer aided detection) and breast microcalcification, Defendant is required to produce documents addressing this topic that he has in his possession, custody, and control, including reference materials and records at the prison, and other reference materials and guides that he would refer to, limited to those documents available in 2009 when Defendant treated Plaintiff.

The Court granted Plaintiff leave to file a motion to compel but recommended she wait until after Defendant has provided documents and Plaintiff has pursued any documents by subpoena.

### D.    Plaintiff's Motion to Extend Time to Amend Pleadings

Plaintiff seeks leave to extend the Court's March 24, 2016 deadline to amend pleadings (ECF No. 33).  Defendant argues that Plaintiff should not be permitted to amend the complaint at this late stage of the proceedings   Defendant contends that the Court's screening order

limited Plaintiff's deliberate indifference claim to the allegation that Defendant falsified a claim to have used computer aided detection (CAD) in Plaintiff's treatment.   The Court took Plaintiff's motion to extend the deadline under submission.

The Court now denies Plaintiff's motion to extend the deadline to amend pleadings, without prejudice.   There is no amended complaint before the Court upon which to base a decision.   Plaintiff is not precluded from renewing the motion within thirty days, together with submission of a proposed amended complaint for the Court's review.

**E.**      **Scope of the Complaint**

During the April 25, 2016 hearing, the parties discussed the scope of the complaint. Notably, the Court's screening order of April 9, 2015 provides that:

> Plaintiff has a family history of breast cancer.  Plaintiff alleges that on June 27, 2009, she underwent a mammogram with a finding of "retroareolar macrocalicification left breast."   The report was authored by Dr. Driscoll, who Plaintiff alleges "breached the standard of care by inadequately misdiagnosing a cancerous lump as a cyst.  He showed deliberate indifference by falsifying a claim to have used computer aided detection (CAD), a more thorough technique that shows images in greater detail." Dr. Driscoll failed to recommend a biopsy for Plaintiff's "benign calcification."  The falsified claim resulted in Plaintiff eventually "losing" her left breast, a permanent disfigurement.
>
> **B.**      **Eighth Amendment Claims**
> "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).   The two part test for deliberate indifference requires a plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."   Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).
>
> Plaintiff has sufficiently alleged the need for medical care for her condition and the failure of Defendant Driscoll to adequately address her treatment. Accordingly, Plaintiff states a claim for violation of the Eighth Amendment.

(ECF No. 22 at 2.)

Based on this order, and Plaintiff's statement in her May 13, 2015 notice to the Court (ECF No. 25) agreeing to go forward with claims found cognizable, the Court understands that Plaintiff's claim is for deliberate indifference to serious medical needs by inadequately misdiagnosing a cancerous lump as a cyst.  The basis for finding that Plaintiff met the standard for deliberate indifference focused on Defendant's falsifying a claim to have used a computer aided detection method, but Plaintiff's deliberate indifference claim in this case also includes inadequately misdiagnosing a cancerous lump as a cyst more generally.

**F.   <u>Settlement Conference</u>**

The Court intends to schedule a settlement conference for this case after resolution of Defendant's motion for summary judgment.  If the motion is denied, the Court shall schedule another status conference.

## III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion to compel, filed on March 4, 2016, is GRANTED in part;

2.      Defendants shall serve responses to Plaintiff's interrogatories and request for production of documents on or before May 24, 2016,[2] as instructed by this order;

3.      Plaintiff's motion to extend the deadline to amend pleadings, filed on March 24, 2016, is DENIED without prejudice to renewal of the motion within thirty days, as instructed by this order;

4.      The Clerk of Court is DIRECTED to send Plaintiff the Court's form for consent/decline of Magistrate Judge jurisdiction;

5.      Within fourteen days of the date of service of this order, Plaintiff shall complete the consent/decline form and return it to the Court; and

///

///

---

[2] Except for Defendant's response to Interrogatory no. 10, which is due on or before August 4, 2016.  (See this order at p. 8 lines 11-12.)

6.      After resolution of Defendant's pending motion for summary judgment, the Court shall schedule another status conference if needed.

IT IS SO ORDERED.

Dated:   **May 6, 2016**                       /s/ Erica P. Grosjean

                                          UNITED STATES MAGISTRATE JUDGE