UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDINE DARDEN, | 1:12-cv-1001-EPG-PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S REQUEST FOR ISSUANCE OF SUBPOENA DUCES TECUM, AND PLACING PARTIES ON NOTICE THAT A SUBPOENA TO SPENCER MEDICAL GROUP SHALL ISSUE AFTER TEN DAYS FROM THE DATE OF SERVICE OF THIS ORDER (ECF No. 73.) |
| vs. | |
| S. DRISCOLL, M.D., et al., | |
| Defendants. | |

## I.    BACKGROUND

Plaintiff is a state prisoner proceeding *pro se* and *in forma* pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds on Plaintiff's First Amended Complaint filed on February 11, 2013, against defendant Scott Driscoll, M.D. for inadequate medical care in violation of the Eighth Amendment.  (ECF No. 19.)

On May 19, 2016, Plaintiff filed a request for issuance of a subpoena to non-party Spencer Medical Group, commanding the production of documents.  (ECF No. 73.)

## II.    REQUEST FOR ISSUANCE OF SUBPOENA

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials."  Fed. R. Civ. P. 45(a)(1)(D).  "If the subpoena commands the

production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4).  Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

Plaintiff requests the issuance of a subpoena *duces tecum* compelling non-party Spencer Medical Group to produce documents.  Plaintiff seeks "any documents, reports, notes or electronically stored information related to the mammographic images of Geraldine Darden that was interpreted on July 2, 2009 and October 3, 2011 by Dr. Scott H. M. Driscoll and Dr. Donald Blackford, respectively.  Also any receipt and/or other proof of purchase of a Computer-Aided Detection (CAD) by Spencer Medical Group, Spencer Radiology, or to any of the parties involved in this action." (ECF No. 73 at 2-3.)  Plaintiff requests the subpoena to be addressed to Todd Spencer Radiology Group, 1250 E. Almond Ave., Madera, CA 93637-5606.

Plaintiff's request for issuance of the described subpoena, to the extent she seeks information about her medical care at issue in this action, appears reasonably calculated to lead to the discovery of admissible evidence.  Moreover, notice of the subpoena was given orally at the Court's July 1, 2016 hearing, and Defendants indicated they had no objection.  Thus, the Court shall grant Plaintiff's request.  Plaintiff is proceeding *in forma pauperis*, and is entitled to service of the subpoena by the United States Marshal.  28 U.S.C. § 1915(d).  Pursuant to Federal Rule of Civil Procedure 45(b)(1), this order provides the requisite notice to the parties that the Court will, after ten days from the date of service of this order, issue the subpoena and direct the United States Marshal to effect personal service.

## III.    CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1.    Plaintiff's request for issuance of a subpoena to Spencer Medical Group is GRANTED; and

2.      Pursuant to Rule 45(b)(1), the parties are placed on notice that the attached subpoena *duces tecum* directed to Spencer Medical Group shall be issued after **ten (10) days** from the date of service of this order

IT IS SO ORDERED.

Dated:   **July 8, 2016**

/s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE

3