UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDINE DARDEN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>TODD SPENCER, et al.,<br><br>　　　　Defendants. | 1:12-cv-01001-EPG-PC<br><br>ORDER FOLLOWING TELEPHONIC<br>HEARING HELD ON JULY 1, 2016<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BASED ON FAILURE TO EXHAUST<br>(ECF No. 50.) |

I.  **BACKGROUND**

　　Geraldine Darden ("Plaintiff"), a state prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 21, 2012. (ECF No. 1.) The case now proceeds on the First Amended Complaint filed on February 11, 2013, against defendant Dr. Scott H. Driscoll ("Defendant"), for inadequate medical care in violation of the Eighth Amendment. (ECF No. 19.)[1]

　　The parties to this action have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). (ECF Nos. 39, 69.) Therefore, the undersigned shall conduct any and all further proceedings in this action, including trial and final judgment.

---

[1] On June 18, 2015, the Court issued an order dismissing all other claims and defendants from this action based on Plaintiff's failure to state a claim. (ECF No. 30.)

The discovery deadline for this case, established by the Court's Discovery and Scheduling Order issued on September 24, 2015, expired on May 24, 2016, and the deadline for filing dispositive motions shall expire on August 4, 2016. On March 24, 2016, Defendant filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies before filing suit. (ECF No. 50.) On May 11, 2016, Plaintiff filed an opposition to the motion. (ECF No. 66.) On May 18, 2016, Defendant filed a reply to the opposition. (ECF No. 71.)

On May 19, 2016, Plaintiff filed three motions for issuance of subpoenas. (ECF Nos. 72, 73, 74.)

**II.   JULY 1, 2016 TELEPHONIC HEARING**

On July 1, 2016 at 10:00 a.m., a telephonic hearing was held before Magistrate Judge Erica P. Grosjean to hear oral argument on Defendant's motion for summary judgment and to discuss the status of this case. Plaintiff appeared telephonically on her own behalf, and Nicole M. Jaffee of Donnelly, Nelson, Depolo & Murray appeared telephonically on behalf of Defendant.

**A.   <u>Defendant's Motion for Summary Judgment (ECF No. 50)</u>**

On March 24, 2016, Defendant filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies before filing suit, under 42 U.S.C. § 1997e(a). The Court heard oral argument at the July 1, 2016 hearing.

There was no dispute that Plaintiff failed to file an administrative appeal against Defendant Dr. Driscoll using the prison's appeal process. Plaintiff argued that administrative remedies were not available to her at the prison because Defendant was an outside doctor not employed at the prison. Plaintiff asserted that two of her prior appeals against outside doctors were denied on the basis that the prison has no jurisdiction to hear appeals against outside doctors. Plaintiff also asserted that Kathy Cane, an appeals coordinator at the prison, told her that the prison's appeals process was not available for grievances against outside doctors. Defendant argued that Plaintiff failed to exhaust her remedies because she did not use the process available at the prison for her grievance against Dr. Driscoll.

During oral argument, defense counsel confirmed that the prison grievance procedure does not address outside doctors as part of its jurisdiction.

After consideration of the parties' arguments and evidence, and for reasons stated on the record, the Court denied the motion for summary judgment pursuant to the Ross v. Blake standard.[2]

### B.   Status of Discovery

#### 1.   Plaintiff's Motions for Issuance of Subpoenas

At the hearing held on April 24, 2016, Plaintiff was granted leave to file requests for issuance of subpoenas. (ECF No. 64 at 9:7-16.) On May 19, 2016, Plaintiff filed three motions for issuance of subpoenas to third parties. (ECF Nos. 72, 73, 74.) Plaintiff seeks documents showing rejection of her claim by the Government Claims Program, medical records from Spencer Medical Group, and evidence that R2 Technologies sold a Computer Aided Detection machine that was available for Defendant's use.

The Court found that the subpoenas, to the extent Plaintiff seeks information about her medical care at issue in this action, appeared reasonably calculated to lead to the discovery of admissible evidence. Therefore, Plaintiff's three motions were granted.

#### 2.   Lawsuit(s) Against Defendant Driscoll for Fraud

At the hearing, Plaintiff discussed an interrogatory she served on Defendant asking him if any lawsuits had been filed against him for fraud, to which Defendant responded there were no such lawsuits. Plaintiff stated that she knew of a lawsuit for fraud against Defendant Driscoll, filed by Spencer Radiology, 223 Cal.App.4th 630 (2014). Defendant argued that the lawsuit in question was for breach of contract, not fraud, and therefore was not covered by Plaintiff's question.

///

---

[2] Ross v. Blake, 136 S.Ct. 1850, 1859 (2016) (An inmate must exhaust available remedies, but need not exhaust unavailable ones, and an administrative procedure is unavailable when it is not capable of use and operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates).

The Court ordered Defendant to make a supplemental response to Plaintiff's interrogatory if the case in question included a fraud claim against Defendant, and ordered that Defendant is required to disclose all cases filed against him involving fraud.

### 3. Plaintiff's Request for More Discovery

At the hearing, Plaintiff requested leave to seek a declaration from Dr. Todd Spencer. The Court denied Plaintiff's request as untimely because discovery in this case has concluded, and because it is an improper discovery request, i.e., the Court cannot order someone to submit a declaration.

### C. Further Schedule

Defendant indicated his intention to file another motion for summary judgment before expiration of the deadline. No further schedule was set.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's motion for summary judgment, filed on March 24, 2016, is DENIED.

IT IS SO ORDERED.

Dated:   **July 19, 2016**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE